Argued and submitted May 10, 1991, affirmed April 22, reconsideration denied
June 24, petition for review denied July 21, 1992 (313 Or 627)

In the Matter of the Marriage of

Ivan Lawrence POINTER,
*Respondent,*
*and*

Rebekah Jozella POINTER,
*Appellant.*

(CV-87-1045; CA A66054)

829 P2d 1016

Robert W. Collins, Jr., Pendleton, argued the cause for appellant. With him on the brief was Collins & Collins, Pendleton.

Susan G. Howard, Portland, argued the cause for respondent. With her on the brief was Schulte, Anderson, DeFrancq, Downes & Carter, P.C., Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

Joseph, C. J., dissenting.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Mother, who has custody of their child after dissolution of her marriage to father, appeals an order granting visitation rights to the paternal grandparents[1] under ORS 109.121.[2] Mother argues that the trial court erred in awarding visitation to the grandparents and, alternatively, if any visitation was appropriate, she contends that the amount awarded was excessive. We review *de novo* and affirm.

The child was two years old at the time of the dissolution in September, 1988. During the marriage, the grandparents had cared for him extensively and, when mother was away for long periods, they cared for him daily. During the dissolution process, an emotional and acrimonious custody battle took place. Extended family members of both parties, including the grandparents, became involved in the dispute. Mother was awarded custody, subject to father's visitation,[3] which he regularly exercises.

---

[1] The maternal grandparents apparently have time with the child through mother.

[2] ORS 109.121 provides, in part:

"(1)(a) A child's grandparent may, upon petition to the circuit court, be granted an order establishing reasonable rights of visitation between the grandparent and the child if:

"(A) The grandparent has established or has attempted to establish ongoing personal contact with the child; and

"(B) The custodian of the child has denied the grandparent reasonable opportunity to visit the child.

"(b) After the commencement of a domestic relations suit, as defined in ORS 107.510, or a proceeding under ORS 108.110, 109.100, 109.103, 109.125 or 419.513, and before a decree or final order dissolving the marriage of the parties, any grandparent of the minor children of the parties therein may petition the court for an order providing for reasonable rights of visitation between the grandparent and the child.

"(c) After a decree or final order is entered dissolving the marriage of the child's parents, the grandparent may petition the court only if:

"(A) The grandparent did not file a petition during the pendency of the dissolution proceedings; or

"(B) There has been a change in circumstances relating to the custodial parent or the minor child such as is required to allow the court to reconsider the provisions of the decree that provide for the future custody, support and welfare of the minor child."

[3] Father's visitation includes: (1) the second and fourth weekends of each month, beginning at 5:00 on Friday and ending at 5:00 p.m. on Sunday; (2) after the child reaches the age of 6, an additional four days per month to be agreed upon by the

Since the dissolution, the child has maintained a good relationship with the grandparents. Although tension between mother and the grandmother has had an adverse effect on the child's relationship with the grandmother, all parties agree that his relationship with the grandfather is exceptionally close. Experts for both parties testified that the relationship with the grandparents is important and beneficial to the child. They frequently visit him during father's visitation but are concerned that they are interfering with father's time with him. Although they have asked mother repeatedly to allow them to visit at other times, she has refused to permit them to have any significant contact apart from father's visitation time. They petitioned for grandparent visitation rights separate from father's. The trial court awarded them visitation of two evenings a month for three hours each, one weekend every three months from 5:00 p.m., Friday, until 5:00 p.m., Sunday, and one week in the summer.

Mother argues that the trial court erred in granting visitation to the grandparents under ORS 109.121(1), which provides, in part:

"(a) A child's grandparent may, upon petition to the circuit court, be granted an order establishing reasonable rights of visitation between the grandparent and the child if:

"(A) The grandparent has established or has attempted to establish ongoing personal contact with the child; and

"(B) The *custodian of the child has denied the grandparent reasonable opportunity to visit the child.*" (Emphasis supplied.)

Mother contends that the statute applies only to situations where grandparents are denied all access to a grandchild and that it was not intended to apply in circumstances, as here, where the grandparents are allowed to visit the grandchild during their own child's visitation periods. More specifically, she argues that the requirement of subsection (B) that the custodian has denied them a reasonable opportunity to visit has not been met, because father is the

---

parties; (3) two one-week periods each summer until age 6, after which father is entitled to one two-week period; (4) after the child is age 10, father will have six weeks of visitation each year; (5) Christmas in even-numbered years and Thanksgiving in odd-numbered years.

child's "custodian" during his visitation and has allowed them to visit the child.

■■ In construing a statute, the intention of the legislature is to be achieved, if possible. ORS 174.020. The first step is to examine the language of the statute itself. Only if the language is not clear is it appropriate to examine legislative history. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 175, 818 P2d 1270 (1991). The term "custodian" is ambiguous, because it could include various persons or entities with different amounts of control over a child.

■ After considering both the purpose of the statute and the legislative history, we conclude that "custodian" was intended to mean whoever has legal custody of a child.[4] The purpose of the statute was to give the courts the authority to evaluate individual circumstances and, in appropriate cases, to ensure that grandchildren not be deprived of a relationship with their grandparents. Minutes, House Judiciary Committee, Subcommittee No. 1, April 22, 1987, p 6. In the discussions about the bill, frequent references were made to a "custodial parent denying access," which indicates that a distinction was being made between a "custodial" and a "noncustodial" parent. *See also, e.g.*, Minutes, Senate Committee on Judiciary, June 2, 1987, p 3. The distinction makes sense, because it is the custodial parent who has the right and responsibility to make most decisions concerning the child, including who may visit. *See* ORS 107.154; ORS 107.164. Neither the language of the statute nor the legislative history indicates that visitation can be granted only if *both* parents have denied grandparents access. Mother is the legal custodian of the child and has denied the grandparents a reasonable opportunity to visit, apart from father's visitation. Accordingly, the conditions of ORS 109.121(1) have been met, and the court had the authority to grant visitation to the grandparents if it concluded that that would be in the child's best interests.

■ Mother's second assignment of error is that, even if the court had the authority to allow the petition, the amount

---

[4] We do not agree with the dissent's inference that we define "custodian" to mean only a parent who has been given legal custody by a dissolution judgment. The statute does not limit an award of grandparents' visitation to situations involving a dissolution.

of visitation allowed is not appropriate, given the child's age, the amount of travel required[5] and the time that the grandparents already had been spending with him. ORS 109.121(5) provides:

> "Any order creating visitation rights under this section shall be according to the court's best judgment of the facts of the case and shall include such conditions and limitations as it deems reasonable. In making or modifying such an order, the court shall be guided by the best interests and welfare of the child."

We conclude that the amount of visitation allowed is appropriate and is in the best interests of the child. During the extensive periods of time that he had spent with them, they have developed an important relationship. All of the experts who testified emphasized the positive aspects of continuing regular contact and its importance in the child's development. The only negative aspects of the grandparents' relationship with child apparently result from the discord between mother and the grandmother, which we hope will be resolved. Although the child is very young, the record indicates that he is comfortable with the grandparents and benefits from the time spent with them. We do not believe that it is in the child's best interests to require the grandparents to visit only during the time that he is with his father. Father's time with child is also important and is quite limited. *See* ORS 107.105(1)(b). We conclude that, under the circumstances, it is in the best interests of child for the grandparents to have separate visitation and that the amount of time is appropriate.

Affirmed. No costs to either party.

**JOSEPH, C. J.,** dissenting.

I disagree with the majority with respect both to its definition of the term "custodian" and to its result.

I disagree much more strongly with the legislature's adoption of an unwarranted and unconscionable invitation to expand the field of judicial battling over children in the

---

[5] At the time of the hearing, father and the grandparents were living in Pendleton, and mother was living in Beaverton. At the time of oral argument, mother was also living in Pendleton.

context of marriage dissolutions. Apparently, the legislature learned very little from its ill-conceived and misbegotten adventures into joint custody, and it has once again allowed itself to be bamboozled by selfish pressure groups into creating problems for the judiciary to solve. Unfortunately, courts have to struggle as best they can to apply really dumb laws — and this is such an instance.

The majority defines "custodian" to mean *only* the parent who has been awarded legal custody, individually or jointly, by the dissolution judgment. The effect is that, in this instance, if the grandparents' son had refused them any visitation with the child, they could not ask for judicial assistance, because he is not the "custodian." I see no reason to adopt the majority's narrow reading of the word, regardless of what selected legislative witnesses might have said, especially when it will produce such an undesirable consequence. Nothing in the statute compels the majority's reading to a weird result.

Our review is *de novo*. The majority's affirmance of the trial court means that the mother must share her court awarded custody with the grandparents, one of whom the record makes clear is her enemy. Moreover, the result effectively expands father's visitation without a sufficient inquiry into whether he has done all that he could to preserve the nascent relationship between the child and the grandparents.

I would deny grandparents' request and thereby encourage them to stop interfering, even though the legislature has chosen to encourage their interference. We should not join in that game, except in most unusual circumstances. There is no excuse here for penalizing mother.