On respondents John and Thelma Neal's petition for attorney fees filed January 13, and on respondent Richard Boudreau's petition for attorney fees filed January 20, petitions denied June 30, 1993

John NEAL
and Thelma Neal,
*Counterdefendants - Respondents,*

*v.*

DART CUSTOM CUTTERS, INC.,
an Oregon corporation,
Wade D. Neal and Richard Boudreau,
*Cross-Defendants - Respondents,*

*and*

James TOWERY,
*Cross-Claimant and
Counterclaimant - Appellant,*

James TOWERY,
*Third Party Plaintiff,*

*v.*

BENTON ELECTRIC, INC.,
a Delaware corporation,
*Third Party Defendant.*

(891329; CA A68612)

855 P2d 200

Clayton C. Patrick, Salem, *contra*.

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Respondents Boudreau and John and Thelma Neal prevailed on appeal in this case, *Neal v. Dart Custom Cutters, Inc.*, 117 Or App 543, 843 P2d 1025 (1992), and petition for attorney fees on appeal under ORS 87.336. Appellant objects, and we deny each petition.

■ Appellant contends that Boudreau's petition was not properly served. ORAP 13.10(2) provides:

"A petition for attorney fees shall be served and filed within 21 days after the date of decision."

A party seeking fees must serve the petition by "delivering it on the other parties to the cause." ORAP 1.35(2)(a). Service on a party's attorney is service on the party. *O'Connell, Goyak & Ball v. Silbernagel*, 297 Or 207, 210, 681 P2d 1159 (1984).

Appellant contends that Boudreau failed to serve the petition on appellant's counsel on appeal. He served it on attorney Jones, and contends that, at that time, Jones represented appellant "at the trial court level in the pending contempt proceedings * * *."

The appellate record does not include the record of a contempt proceeding. We cannot confirm Boudreau's representation that appellant is represented by Jones, and we will not retrieve the record of a contempt proceeding that is not before us in order to search for the identity of appellant's counsel. ORAP 5.45(3).

Boudreau eventually served appellant's appellate counsel, but that service was untimely. ORAP 13.10(2). Accordingly, we deny Boudreau's petition.

■ In seeking attorney fees, the Neals rely on ORS 87.336, which provides:

"In suits to foreclose the liens created by ORS 87.216 to 87.232, the court shall, upon entering judgment for the lien claimant, allow as part of the lien, the moneys paid for the filing or recording of the lien as provided in ORS 87.910. The court shall also allow reasonable attorney fees at trial and on appeal to the prevailing party."

That statute does not authorize an award of attorney fees in this proceeding. Appellant's unsuccessful counterclaim was based on ORS 87.162, which concerns a landlord's possessory chattel lien. Neither ORS 87.336 nor any other statute authorizes an attorney fee award for litigation over a landlord's lien. Although appellant did not object on that ground, we raise the issue on our own motion, ORAP 13.10(6)(b), and deny the Neals' petition.

Petitions denied.