Argued and submitted December 5, 1994, reversed in part; otherwise affirmed
January 25, 1995

In the Matter of the Marriage of

Francine Marie HOLM,
*Appellant,*
*and*

Kevin Dean HOLM,
*Respondent,*
*and*

William S. HOLM,
*Intervenor-Respondent.*

(93P-20974; CA A84395)

888 P2d 1077

Stephen F. Mannenbach argued the cause and filed the brief for appellant.

Michael A. Bliven argued the cause for intervenor-respondent William S. Holm. With him on the brief were Emmons, Kropp, Kryger, Alexander, Egan & Allen P.C., and Mark Bliven and Bliven & Ross, P.C.

Dennis Sarriugarte waived appearance for respondent Kevin Dean Holm.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Mother, who has custody of their child after dissolution of her marriage to father, appeals from a judgment granting grandparent visitation rights to the paternal grandfather. ORS 109.121. Mother argues that the trial court erred in awarding visitation rights. On *de novo* review, ORS 19.125(3), we reverse.

After mother filed the petition for dissolution, grandfather, who had regularly visited the child, brought this action for grandparent visitation rights. Those rights are purely statutory. ORS 109.121 provides, in pertinent part, that a grandparent may seek a court order establishing visitation rights if "the custodian of the child has denied the grandparent reasonable opportunity to visit the child."[1] The only issue is whether mother denied grandfather reasonable opportunities to visit the child.

■ ■ There is evidence that, after mother and father separated, she *occasionally* denied grandfather the opportunity to visit the child.[2] However, denying visitation, by itself, is insufficient to establish visitation rights. There must be a denial of a reasonable opportunity to visit. *See Pointer and Pointer*, 112 Or App 511, 829 P2d 1016, *rev den* 313 Or 627 (1992). There is ample evidence in the record that mother allowed grandfather reasonable, regular contact with the child after mother and father separated, and before grandfather received temporary visitation rights. There is no evidence that mother ever unreasonably refused to let grandfather visit the child.[3] Therefore, the predicate to court ordered visitation was absent and it was error for the trial court to order it.

Judgment allowing grandparent visitation reversed; otherwise affirmed.

---

[1] ORS 109.121 also requires that "the grandparent has established or has attempted to establish ongoing personal contact with the child." The parties agree that grandfather has an ongoing personal relationship with child.

[2] The only evidence in the record about why mother declined to let grandfather visit child is that, on one of those occasions, child was ill.

[3] Grandfather refers to other evidence in the record that purportedly shows why mother unreasonably denied him visitation rights. That evidence refers to reasons why, while mother and father *were still living together*, they sometimes denied grandfather's attempts to visit child.