On appellant's petition for attorney fees and costs filed January 27, petition denied
May 24, 1995

In the Matter of the Marriage of

Francine Marie HOLM,
*Appellant,*

*and*

Kevin Dean HOLM,
*Respondent,*

*and*

William S. HOLM,
*Intervenor-Respondent.*

(93P-20974; CA A84395)

895 P2d 803

Stephen F. Mannenbach for petition.

Michael A. Bliven, *contra*, for intervenor-respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Wife petitions for an award of attorney fees against intervenor grandfather. We deny the petition.

Grandfather petitioned to intervene in wife's and husband's dissolution proceeding, seeking an order granting him grandparent visitation rights with regard to the couple's child. The trial court allowed the petition to intervene. Later, it awarded grandfather visitation rights. Wife appealed, and we reversed. *Holm and Holm*, 132 Or App 440, 888 P2d 1077 (1995). Wife now petitions for an award of attorney fees incurred at trial and on appeal, citing ORS 107.105(1)(i) and ORS 107.105(5). Grandfather opposes the petition, arguing that the statutes authorize an award of attorney fees against "one party" and in favor of "the other party." According to grandfather, that means that the only "parties" against whom attorney fees may be awarded are the two parties to the dissolution proceeding: the husband and the wife.

We agree with grandfather that we may award attorney fees in a domestic relations proceeding only against the husband or the wife. ORS 107.105(1)(i) provides that, whenever the court grants a decree of marital annulment, dissolution or separation, it has the power to enter

"a judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for a judgment against one party in favor of the other or in favor of the other's attorney for any further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party * * *."

ORS 107.105(5) further provides:

"If an appeal is taken from the decree * * * and the appellate court awards costs and disbursements to a party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

The issue is what the reference to "party" and "parties" means. That is a question of legislative intent, which we determine first, and foremost, from the text of the statute and

its context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). In this case, both the text of the relevant statutes and their context demonstrates that the reference to "parties" in ORS 107.105(1)(i) and ORS 107.105(5) means only the husband and the wife.

First, the text of ORS 107.105(1)(i) itself refers to an award of fees "against one party in favor of the other." By any ordinary construction of those words, there are only two parties: "one party" and "the other." That strongly suggests that the reference to an award of attorney fees is directed at the two persons who are ordinarily the "parties" to a dissolution proceeding: the husband and the wife.

Second, the text of ORS 107.105(1)(i) also refers to an entry of judgment "against one party in favor of the other" for any sums unpaid on orders entered pursuant to ORS 107.095. That section, in turn, provides that the court may enter a number of different orders pending the entry of the final judgment. A court may, for example, order that "a party" pay the clerk of the court sufficient money to enable "the other party" to prosecute or defend the suit. ORS 107.095(1)(a). It may also enter an order restraining and enjoining "either party or both" from encumbering or disposing of any of their property. ORS 107.095(1)(e). Similarly, the court may enter an order for the temporary use of real or personal property "of the parties or either of them." ORS 107.095(1)(f). Every one of those references to "one party" and "the other party," or "either party or both," plainly refers to only two parties, who are the husband and the wife. Thus, when ORS 107.105(1)(i) refers to entry of judgment against "one party" and in favor of "the other" for amounts unpaid on orders entered under ORS 107.095, it is manifest that the only two parties subject to that provision are the husband and the wife. That only makes sense. If wife were correct, the two references to "one party" and "the other" would mean two different things in the same sentence. We find that highly unlikely.

Third, multiple references to "one party" and "the other party" in related statutory provisions demonstrate that those references mean only the husband and the wife. For example, ORS 107.105(1)(d) refers to orders for spousal support as orders for the support of "a party." There is no

question but that the word refers to the husband or the wife, as the case may be, and to no one else. Similarly, in calculating the amount of support, the court is directed to take into account the age and health of "the parties," the earning capacity of "each party," the number, ages, health and conditions of dependents of "the parties or either of them," the tax liabilities or benefits to "each party," and so on. ORS 107.105(1)(d)(A) through (M). The same statute allows the court to order the delivery to "one party" of that party's personal property that is in the custody "of the other" at the time of the decree. ORS 107.105(1)(e). In each and every case, the reference to "the parties," to "one party" and "the other party" and similar phrasings convey unequivocally the legislature's intention that those words mean only the husband and the wife. Once again, the consistent use of the terms in the domestic relations statutes strongly suggests that, in permitting an award of attorney fees in favor of "one party" against "the other," the legislature meant only the husband and the wife, not a third-party intervenor. Again, to hold otherwise would mean that the legislature uses the same words to mean different things within the same section of the law.

Fourth, we note that when the legislature did intend to refer to grandparents, it plainly did so. It did not refer to them as "parties"; it referred to them as "grandparents." By ORS 107.105(1)(b), the court is authorized to enter judgment

> "[f]or visitation rights of the parent not having custody of such children, and for visitation rights of grandparents pursuant to a petition filed under ORS 109.121."

There is no similar reference to grandparents in the attorney fee statute of ORS 107.105(1)(i). Wife effectively argues that we must read such a reference into that statute, an action that could not be squared with our obligations to refrain from adding to or taking away from language the legislature has enacted. ORS 174.010.

Finally, the statute that describes the procedure by which grandparents may establish their visitation rights uses the term "parties" to refer only to the husband and the wife, and separately refers to grandparents by using that word or the word "petitioners." For example, ORS 109.121(1)(b) provides:

"After the commencement of a domestic relations suit * * * and before a decree or final order dissolving the marriage of the parties, any grandparent of the minor children of the parties therein may petition the court for an order providing for reasonable rights of visitation between the grandparent and the child."

Similarly, ORS 109.121(2)(d) provides that a grandparent's petition to establish custody must state "the relationship of the petitioners to the parties in the proceeding." The statute says nothing about the petitioners becoming "parties" to the dissolution proceeding. The only "parties" referred to in ORS 109.121(2)(d) are the husband and the wife.

We acknowledge that it may be said that, as a matter of policy, it makes little sense to allow an award of fees against a husband or a wife — but not against a grandparent — when all are participating in the dissolution proceeding and requiring one another to incur fees and expenses. Nevertheless, the language of the statute says what it says, and that is that only a husband or a wife may obtain or be subject to an award of attorney fees in a dissolution proceeding. *See Eslamizar v. American States, Inc.*, 134 Or App 138, 142, 894 P2d 1195 (1995).

We conclude that there is no statutory authority for an award of attorney fees against grandfather in this domestic relations proceeding.

Petition denied.