Argued and submitted November 8, 1995, decision of the Court of Appeals reversed and case remanded to the Court of Appeals for further proceedings July 18, 1996

In the Matter of the Marriage of

Francine Marie HOLM,
*Petitioner on Review,*

*and*

Kevin Dean HOLM,
*Respondent,*

*and*

William S. HOLM,
*Respondent on Review.*

(CC 93P-20974; CA A84395; SC S42392)

919 P2d 1164

Stephen F. Mannenbach, Dallas, argued the cause and filed the petition for petitioner on review.

Michael A. Bliven, Albany, argued the cause and filed the response for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

VAN HOOMISSEN, J.

---

** Unis, J., retired June 30, 1996, and did not participate in this decision.

## VAN HOOMISSEN, J.

This case involves an interpretation of the attorney fees provision in ORS 107.105(5). The question is whether a parent (mother), who was awarded custody of a minor child in a dissolution proceeding, may recover attorney fees on appeal from the child's grandfather, who intervened in the proceeding pursuant to ORS 109.121(1)(b) for the purpose of obtaining grandparent visitation. The Court of Appeals denied mother's petition for attorney fees. *Holm and Holm*, 134 Or App 513, 895 P2d 803 (1995). For the reasons explained below, we reverse.

The facts are not in dispute. The child's parents were involved in a dissolution proceeding. Grandfather moved, pursuant to ORS 109.121(1)(b),[1] to intervene in the case "as party petitioner" for the purpose of establishing his visitation right to the parents' minor child. Grandfather identified himself in his motion as "petitioner/intervenor." The trial court ruled that grandfather "is allowed to intervene as a party herein, and may file his petition for grandparent visitation." The dissolution judgment awarded custody of the child to mother and visitation rights to grandfather.

Mother appealed, arguing that the trial court had erred in awarding visitation rights to grandfather and that, even if the court had authority to award visitation, the visitation awarded was not in the child's best interest. On *de novo* review, the Court of Appeals reversed, finding that there was no evidence that mother ever unreasonably refused to let grandfather visit the child and, therefore, that

---

[1] ORS 109.121 provides in part:

"(1)(a) A child's grandparent may, upon petition to the circuit court, be granted an order establishing reasonable rights of visitation between the grandparent and the child if:

"(A) The grandparent has established or has attempted to establish ongoing personal contact with the child; and

"(B) The custodian of the child has denied the grandparent reasonable opportunity to visit the child.

"(b) After the commencement of a domestic relations suit, as defined in ORS 107.510, * * * and before a decree or final order dissolving the marriage of the parties, any grandparent of the minor children of the parties therein may petition the court for an order providing for reasonable rights of visitation between the grandparent and the child."

the predicate for court-ordered visitation was absent. *Holm and Holm*, 132 Or App 440, 442, 888 P2d 1077 (1995). Mother was awarded costs and disbursements against grandfather on appeal.[2] Grandfather did not seek review of that decision.

Mother then petitioned the Court of Appeals for an award of attorney fees against grandfather, citing ORS 107.105(1)(i) (governing fees at trial),[3] ORS 107.105(5) (governing fees on appeal),[4] and ORCP 33 (relating to intervention).[5] The Court of Appeals concluded that there is no statutory authority for an award of attorney fees against grandfather in these circumstances. The court further concluded that, within the meaning of ORS 107.105(1)(i) and (5), "a party" means only the husband or wife in the dissolution proceeding. Accordingly, the court denied mother's petition. *Holm*, 134 Or App at 518. We allowed mother's petition for review.[6]

---

[2] ORS 20.310 provides generally for an award of costs and disbursements to the prevailing party on appeal. ORS 20.015 provides that a "prevailing party" on appeal may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment or other decision of the trial court.

[3] ORS 107.105(1) provides in part:

"Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"* * * * *

"(i) [F]or a judgment against one party in favor of the other or in favor of the other's attorney for any further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party[.]"

[4] ORS 107.105(5) provides in part:

"If an appeal is taken from the decree or other appealable order in a suit for * * * dissolution of a marriage * * *, and the appellate court awards costs and disbursements to a party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

[5] ORCP 33 provides in part:

"A. Intervention takes place when a third person is permitted to become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the complaint, by uniting with the defendant in resisting the claims of the plaintiff, or by demanding something adversely to both the plaintiff and defendant.

"B. At any time before trial, any person shall be permitted to intervene in an action when a statute of this state, these rules, or the common law, confers an unconditional right to intervene."

[6] Grandfather asks this court to review the merits of the Court of Appeals' decision reversing the trial court's award of grandparent visitation. We decline to do so.

■ On review, mother has abandoned her claim for attorney fees at trial. She now seeks only an award of attorney fees on appeal. She argues that a grandparent who intervenes in a dissolution proceeding seeking visitation pursuant to ORS 109.121(1)(b) becomes a "party" to that dissolution proceeding under ORCP 33 A and, therefore, is subject to the provisions of ORS 107.105(5), which allows the appellate court to award attorney fees to a party who has been awarded costs and disbursements on appeal. She further argues that, in her original appeal, she was the prevailing party and that grandfather was the "adverse" party, and the Court of Appeals awarded her costs and disbursements on appeal pursuant to ORS 20.310. Therefore, she asserts, she is entitled under ORS 107.105(5) to petition for attorney fees on appeal.

■ Grandfather argues that ORS 107.105(5) authorizes an award of attorney fees only against a "party" and in favor of "the other party." According to grandfather, the only "parties" against whom attorney fees may be awarded under ORS 107.105(5) are the parties to the underlying dissolution proceeding, *i.e.*, the husband and wife. The issue presented is a matter of law. This court summarized Oregon law on attorney fees in *Cash Flow Investors, Inc. v. Union Oil Co. of Calif.*, 318 Or 88, 91, 862 P2d 501 (1993):

> "The general rule in Oregon is that
>
> " '[t]he right to recover attorney's fees from an opponent in litigation does not exist at common law. The general rule is that such an item of expense is not allowable in the absence of a statute or some agreement expressly authorizing the allowance of attorney's fees.' *Draper v. Mullennex*, 225 Or 267, 271, 357 P2d 519 (1960) (citations omitted).
>
> "*Accord: Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). The exceptions to the general rule are narrowly construed. As this court explained in *Lewis v. Dept. of Rev.*, 294 Or 139, 142, 653 P2d 1265 (1982):
>
> > " 'We start with the general rule that attorney fees are not recoverable in the absence of a statute or contractual provision authorizing the award. In *Riedel v. First National Bank*, 287 Or 285, 290-91, 598 P2d 302 (1979), we quoted with approval the following language

from *Hughes v. Bembry*, 256 Or 172, 177-78, 470 P2d 151 (1970):

> " ' "We have adopted a narrow policy on the allowance of attorney fees and held that they will not be allowed *unless expressly* authorized by a statute or a contract." (Emphasis added by our decision in *Riedel, supra*.)' "

*See also Steelman-Duff, Inc. v. Dept. of Trans.*, 323 Or 220, 235-36, 915 P2d 958 (1996) (same).[7]

■ The issue presented requires us to interpret ORS 107.105(5). In interpreting a statute, our task is to discern the intent of the legislature. ORS 174.020. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (explaining method of statutory analysis). At this first level of analysis, we examine the text and context of the statute. If the legislature's intent is clear from those inquiries, further inquiry is unnecessary. *Id.* at 610-11. If not, we turn next to legislative history. *Id.* at 611-12.

■ Nothing in the text of ORS 107.105(5) explains what the term "party" means. Nor is that term defined elsewhere in ORS 107.105. The first step of statutory analysis does not look at text alone, however; it also looks at the context in which the text appears. Context includes other provisions of the same statute and other related statutes. *PGE*, 317 Or at 611.

ORS 109.121(1)(b) permits a grandparent to petition a dissolution court for an order providing for reasonable rights of visitation between the grandparent and the child of the husband and wife.[8] ORCP 33 A states that intervention takes place "when a third person is permitted *to become a*

---

[7] In *Steelman-Duff*, 323 Or at 235-36, this court, in interpreting the attorney fees provision of ORS 297.067(4), reached the third level of analysis under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 612, 859 P2d 1143 (1993). In the absence of a clear legislative directive at the first or second level of analysis, the court concluded that the legislature would not wish to deny attorney fees categorically to any party to such proceedings, "so long as that party had a stake in the outcome, contributed to the process, and was 'successful,' as that term ordinarily is understood."

[8] Nothing in ORS 109.121 authorizes an award of attorney fees against grandfather in these circumstances. Mother does not argue otherwise.

*party* to an action between other persons[.]" (Emphasis added.) Here, grandfather was permitted to intervene in the parents' dissolution proceeding to pursue his demand that he be granted visitation. Under ORCP 33 A, grandfather became a "party" to the dissolution proceeding.

The parents stipulated to the terms of the dissolution judgment. Mother argues, and grandfather does not deny, that the parents had worked out the details of the dissolution of their marriage and that, but for grandfather's intervention in the case, there would have been no need for a hearing. A special hearing was held only to consider grandfather's petition. The parties to mother's appeal of the trial court's judgment were mother and grandfather. The only issue before the Court of Appeals was the question of grandfather's visitation rights. The trial court's judgment granting him visitation rights was reversed on appeal; the judgment otherwise was affirmed. Mother was awarded costs and disbursements.

ORS 107.105(5) provides that, if an appeal is taken from a dissolution judgment and if the appellate court awards costs and disbursements to a party, the appellate court *may* also award to that party reasonable attorney fees on appeal. Here, mother successfully appealed the grandparent visitation portion of the dissolution judgment, and the Court of Appeals awarded her costs and disbursements against grandfather, the adverse party to her appeal. It follows that the appellate court may also award to mother reasonable attorney fees on appeal. ORS 107.105(5).

■ After examining the text and context of ORS 107.105(5), we conclude that the legislature did not intend to exclude intervening parties as parties against whom costs, disbursements, and attorney fees may be awarded on appeal. ORS 107.105(5) authorizes the Court of Appeals, in its discretion, to award mother reasonable attorney fees against grandfather.[9] The case must be remanded to that court so that it may exercise its discretion.

---

[9] ORS 107.105(5) does not require an award of attorney fees on appeal, nor do we hold in this case that one is required. That is an issue for the Court of Appeals on remand.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.