Submitted on remand from the Oregon Supreme Court December 4, 1996,
stepfather's motion for attorney fees allowed March 12, 1997

In the Matter of the Marriage of

James W. SHOFNER,
*Respondent,*
*and*

Georgia Hendricks SHOFNER,
*Respondent,*
*and*

Bruce RAZE,
*Intervenor-Appellant.*

(87-6-349; CA A83809)

934 P2d 641

Mark A. Johnson for appellant.

Andrea J. Anderly for respondent James W. Shofner.

Before Landau, Presiding Judge, and Deits and Haselton, Judges.

DEITS, J.

**DEITS, J.**

This case is before us on remand from the Supreme Court. *Shofner and Shofner*, 324 Or 39, 920 P2d 548 (1996). Petitioner, stepfather, sought review of the order of this court denying his request for attorney fees on appeal. The Supreme Court allowed stepfather's petition for review, vacated this court's order denying fees and remanded the case to us for further consideration in the light of *Holm and Holm*, 323 Or 581, 919 P2d 1164 (1996). On reconsideration, we award attorney fees to stepfather.

In the underlying appeal in this case, stepfather sought review of the trial court's dismissal of his motion to modify mother and father's dissolution judgment to allow him visitation with his stepchild. *Shofner and Shofner*, 137 Or App 543, 905 P2d 268 (1995), *rev den* 322 Or 644 (1996). We reversed and remanded the case to the trial court to reconsider stepfather's request for visitation under the standards discussed in our opinion. *Id*.

Following our decision, stepfather sought attorney fees incurred on appeal pursuant to ORS 107.105(5). We denied the fee request based on our conclusion in *Holm and Holm*, 134 Or App 513, 895 P2d 803 (1995), that ORS 107.105(5) provides authority for an award of attorney fees to a "party" to a dissolution proceeding, which includes only the husband and wife. The Supreme Court, however, reversed our decision in *Holm and Holm*, holding that ORS 107.105(5) also authorizes an award of attorney fees to an intervening party in a dissolution proceeding. *Holm and Holm*, 323 Or at 587. Accordingly, we reconsider stepfather's request for attorney fees and award fees to stepfather of $6,000, payable by respondents on review.

Stepfather's motion for attorney fees allowed in the amount of $6,000.