On intervenor-respondent's motion for reconsideration of decision denying
intervenor-respondent's petition for costs filed March 25, reconsideration allowed;
order modified in part; otherwise adhered to July 23, 1997

## SCHLUMBERGER TECHNOLOGIES, INC.,
a Delaware corporation,
*Appellant - Cross-Respondent,*

*v.*

## TRI-COUNTY METROPOLITAN TRANSPORTATION
## DISTRICT OF OREGON (TRI-MET),
an Oregon mass transit district,
*Respondent - Cross-Appellant,*

*and*

## SCHEIDT & BACHMANN, GmbH,
*Intervenor - Respondent.*

(9505-03475; CA A89594)

942 P2d 862

Richard S. Pope for motion.

Garry R. Boehlert, *contra*.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

S&B[1] moves for reconsideration of our order of March 11, 1997, in which we denied its petition for attorney fees on appeal. We grant the motion to reconsider, withdraw our former order in part, and award S&B attorney fees of $32,508.75.

On December 4, 1996, we issued an opinion affirming the trial court's judgment in this case. *Schlumberger Technologies, Inc. v. Tri-Met*, 145 Or App 12, 929 P2d 331 (1996), *rev den* 325 Or 80 (1997). We designated both Tri-Met and S&B as prevailing parties on the appeal and awarded them costs, payable by appellant Schlumberger. Under ORS 20.320 and our rules, Tri-Met and S&B had 21 days from the date of the decision, or until December 26, 1996, to file their cost bills and petitions for attorney fees.[2] ORAP 13.05(5)(a); ORAP 13.10(2). Tri-Met filed both its cost bill and its petition for attorney fees on appeal well before that time expired. In our order of March 11, 1997, we awarded it the requested amounts, and this decision does not affect that portion of the order.

On December 27, 1996, one day after the time for filing had expired, S&B filed a "Petition for Costs" by placing one copy in the mail and by hand delivering a second copy to the Appellate Courts Records Section in Salem. The petition did not seek any items recoverable as costs or disbursements under Oregon law. Instead, it sought attorney fees of $27,083.75 related to representation by Patton Boggs LLP of Washington, D.C., and attorney fees of $5,425 related to representation by Newcomb, Sabin, Schwartz & Landsverk of Portland. The petition also sought "disbursements" of $903 for travel to Oregon for oral argument[3] and referred to a forthcoming affidavit from Arthur Kent, S&B's United States

---

[1] We will continue to use the same short names and abbreviations in this opinion that we did in our opinion on the merits.

[2] A party "files" these documents on the date that it places them in the mail. ORAP 1.35(1)(b)(ii). December 25, 1996, when the petitions would normally have been due, was a holiday.

[3] Those items are not recoverable under ORS 20.310(2) and therefore we will not award them. ORAP 13.05(6)(d).

general counsel. It did not seek any specific amount based on Kent's services.

S&B accompanied its "Petition for Costs" with a motion for leave to file the petition as of December 27, explaining the late filing as the result of ice storms and power outages in the Portland area on December 26. On January 2, 1997, we granted that motion by order, extending the time for filing by one day, to December 27, 1996.[4]

On January 8, 1997, S&B presented an affidavit of Arthur Kent, seeking an additional $19,125 in attorney fees and $2,049.70 in disbursements that are not recoverable under Oregon law, and moved that it be filed. The only explanation for the delay in presenting the affidavit was that Kent was "out of state from December 21, 1996, through January 2, 1997." S&B did not assert that there was any reason that Kent could not have filed the affidavit before leaving the state[5] or explain why he was absent.

Schlumberger objected to the various attorney fees petitions. On March 11, 1997, in an unpublished order, we sustained the objections to S&B's Petition for Costs and to its motion for leave to file the Kent affidavit. Although the order did not give a reason for our action, it was based on S&B's untimeliness in filing those documents. On March 24, 1997, S&B moved for reconsideration of the order of March 11. In the course of reviewing that motion we became aware of the January 2, 1997, order extending the time for filing the petition for costs. Neither party had referred to it in discussing the timeliness of S&B's filing.

Under our normal practice, when we rule on a motion before the time for the other party to oppose the motion has passed, ORAP 7.05(3), we are free to revisit the

---

[4] ORS 20.320 requires a prevailing party to file its cost bill within 21 days from the date of the decision "or such further time as may be allowed by the court[.]" We may grant that "further time" even after the 21 days have expired. *Rodda v. Rodda*, 185 Or 140, 208-09, 200 P2d 616, 202 P2d 638 (1949). In *Neal v. Dart Custom Cutters, Inc.*, 121 Or App 437, 855 P2d 200 (1993), the party filed the petition on time; the defect was that it did not serve the correct attorney until after the required time had passed and did not move to permit late service.

[5] Kent is not an Oregon lawyer. The motion did not refer to the state where his practice is located or from which he was absent.

issue if the other party subsequently opposes it. Our March 11 order, however, was not a reconsideration because we did not at that time know that there was anything to reconsider. In light of the entire situation, we have decided to withdraw the order of March 11 to the extent that it denies attorney fees for services by Patton Boggs LLP or by Newcomb, Sabin, Schwartz & Landsverk and to reinstate our order of January 2 allowing the late filing of S&B's petition for costs.[6]

We turn to the substantive issue of whether S&B is entitled to the attorney fees that it requests.[7] The only issue that requires discussion is Schlumberger's assertion that ORS 279.067(4) does not authorize an award to S&B. Schlumberger recognizes that the Supreme Court has held that a successful bidder is eligible for fees when the unsuccessful bidder joins it as a defendant to an action under ORS 279.067(1). *Steelman-Duff, Inc. v. Dept. of Transportation*, 323 Or 220, 915 P2d 958 (1996). Schlumberger argues that the rule is different in this case, because S&B was not an original defendant but voluntarily moved to intervene after Schlumberger filed the case. Schlumberger's complaint did not seek any remedy against S&B but only challenged Tri-Met's award of the bid. Schlumberger points out that

> "S&B, on its own volition, intervened in the trial [c]ourt proceedings and in the appeal. S&B voluntarily assumed the fees it incurred in the appeal which was already being defended by Tri-Met * * *. Given S&B's choice to voluntarily be [*sic*] involved in the trial and appellate proceedings, S&B does not have standing to recover attorneys' fees under ORS 279.067(4) or the Court's holding in *Steelman-Duff*."

The problem with Schlumberger's argument is that it takes too limited a view of the effect of intervention. Under ORCP 33 A, an intervenor "is permitted *to become a party* to an action between other persons * * *." (Emphasis supplied.)

---

[6] In the March 11 order, we denied leave to file the Kent affidavit; we adhere to that aspect of the order. There is no acceptable explanation for the delay in filing that affidavit.

[7] Because S&B did not file a cost bill, the only costs or disbursements to which it is entitled are the first appearance and prevailing party fees. ORAP 13.05(6)(f).

Thus, once a motion for intervention is allowed, the intervenor is as much a party to the proceeding as are the original parties and is subject to the same rights and liabilities as if it had been an original party, at least so far as those rights and liabilities arise from events after the intervention.

In *Holm and Holm*, 323 Or 581, 919 P2d 1164 (1996), the Supreme Court held that a grandfather who intervened in a child custody dispute was potentially liable under ORS 107.105(5) for the prevailing mother's attorney fees. It emphasized that the grandfather became a "party" to the case. By that reasoning, the grandfather would potentially have been entitled to attorney fees if he had prevailed.

■ The decision in *Holm and Holm* is consistent with federal cases under Fed R Civ P 24. Those cases hold that, once intervention is granted, an intervenor assumes the status of a full participant in the lawsuit and is normally treated as an original party, *District of Columbia v. Merit Systems Protection Bd.*, 762 F2d 129, 132 (DC Cir 1985); *United States v. State of Or.*, 657 F2d 1009, 1014 (9th Cir 1981); *see also* 3B J. Moore, *Moore's Federal Practice*, (2d ed 1995) ¶ 24.16[6],[8] including potential liability for attorney fees if the intervenor loses. *See Charles v. Daley*, 799 F2d 343 (7th Cir 1986).

■■ The Supreme Court's decision in *Holm and Holm*, thus, expresses a general rule of the effect of intervention that is not limited to the specific statute that the court considered in that case. Under that rule, once the trial court granted S&B's motion to intervene, S&B became potentially liable to pay Schlumberger's attorney fees if Schlumberger was successful and potentially entitled to recover attorney fees from Schlumberger if S&B was successful. ORS 279.067(4) gives the court discretion to award attorney fees to the prevailing party. 145 Or App at 21-22. We exercise that discretion to award S&B those fees that it both sought and

---

[8] These cases refer to intervention as of right under Fed R Civ P 24(a), while S&B intervened under the permissive intervention provisions of ORCP 33 C. However, as we have previously noted, the grounds for permissive intervention in Oregon are comparable to those for intervention of right under Fed R Civ P 24(a)(2). *Samuels v. Hubbard*, 71 Or App 481, 488 n 5, 692 P2d 700 (1984), *rev den* 299 Or 118 (1985). This distinction, thus, does not affect the persuasive force of the federal cases.

properly supported in its Petition for Costs. We deny it any costs or disbursements other than the first appearance and prevailing party fees.

Reconsideration allowed; order of March 11, 1997, modified to award S&B attorney fees of $32,508.75, and costs limited to its prevailing party and first appearance fees, and otherwise adhered to.