On respondents' petition for attorney fees and statement of costs filed April 22; appellant's objection to petition for attorney fees filed June 26; and respondents' reply to objection to petition for attorney fees filed July 9, husband's statement of costs and disbursements in the amount of $405 allowed; husband and Moffett's petition for attorney fees denied September 9, 2009

## In the Matter of the Marriage of

### Robert GITHENS,
*Petitioner-Respondent,*

*and*

### Christie GITHENS,
*Respondent-Appellant,*

*and*

### Sarah "Sally" MOFFETT,
*Other-Respondent.*

### Lane County Circuit Court
### 150416210; A130128

216 P3d 904

Jeffrey E. Potter, Gardner, Honsowetz, Potter, Budge & Ford, and Mindy Wekselblatt for petition.

John A. Hudson for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

On wife's appeal in this dissolution case, we affirmed the trial court's property division, in which the court declined to award to wife one-half of husband's beneficial interest in his mother's revocable trust. *Githens and Githens*, 227 Or App 73, 75, 204 P3d 835 (2009) (holding that husband's interest in the trust was too speculative to be considered "property" that is subject to division in a dissolution case). Respondents—husband and Moffett, a witness who was subpoenaed to testify at trial—have jointly filed a statement of costs and disbursements. They also jointly petition for their attorney fees. As we explain below, we allow husband's statement of costs and disbursements, but deny the petition for attorney fees.

The relevant facts are not in dispute. At the time of the dissolution, husband and wife had been married for 23 years. They owned no real property, but owned a modest amount of personal property. Husband was, however, a beneficiary of half of his mother's revocable trust, which held all of her assets. During the dissolution proceedings, wife's position was that she was entitled to a share of his interest in the trust, as part of the property division. In an attempt to ascertain the value of the assets in the trust, she issued two subpoenas *duces tecum* to Moffett, husband's sister and cobeneficiary of the trust. Moffett moved to quash those subpoenas, and the trial court granted that motion.

The trial court declined to award wife a portion of husband's interest in the trust. Accordingly, the only property to divide was husband and wife's personal property. In part, because husband received more of the personal property than did wife, wife received an equalizing judgment of approximately $30,000. She also received an award of spousal support, given the disparity in their earning potentials: Husband is required to pay wife $500 per month for the first year and then $750 per month indefinitely. Husband is also required to pay support for their child, who lives with wife. The judgment of dissolution named only husband and wife in the case caption. Moffett never sought to intervene in the dissolution action.

In her notice of appeal, however, wife added Moffett to the case caption as "Other-Respondent."[1] Wife stated in the notice that she was including Moffett as a "part[y] to this appeal" because of the assignment of error pertaining to the trial court's decision on Moffett's motion to quash. The case proceeded to briefing, and husband and Moffett filed a joint answering brief.

As we have noted, we agreed with husband and affirmed the trial court's property division. One judge on the three-judge panel dissented. Designating "Respondents" as the prevailing parties, we allowed costs, to be paid by wife, and deferred an award of attorney fees subject to a subsequent motion.

Husband and Moffett then filed a joint statement of costs and disbursements in the amount of $405, although it appears that husband actually paid those costs. They also filed a joint petition for their attorney fees incurred on appeal pursuant to ORS 107.105(5), which authorizes an appellate court to award attorney fees in a dissolution appeal. In the petition, husband requests attorney fees in the amount of $29,793.50, and Moffett requests $5,995.

Wife objects, urging us to make no award of attorney fees to husband or to Moffett.

Regarding Moffett's request, wife contends that Moffett is not a "party" for purposes of ORS 107.105(5), and that, accordingly, this court has no authority to make such an award.

Regarding husband's request, wife contends that we should not exercise our discretion to award husband his attorney fees for two reasons. First, wife contends that her argument on appeal—that a beneficial interest in a revocable trust is divisible property on dissolution—was objectively reasonable. She notes that it was a case of first impression in Oregon and that her position garnered a lengthy dissenting opinion. Second, she asserts that principles of fairness and equity weigh against awarding husband his attorney fees. In

---

[1] Wife's notice of appeal originally named Moffett as "Witness-Respondent." Moffett was eventually included in the case caption on appeal as "Other-Respondent."

wife's view, it would be inequitable to require her to expend her entire equalizing judgment to pay husband's attorney fees, especially in light of the fact that she has incurred approximately the same amount of attorney fees as husband. She requests that we make findings pursuant to ORAP 13.10(7) in support of our decision whether to award attorney fees.[2] In the event that we determine that husband is entitled to an award of attorney fees, she does not contest the reasonableness of the amount that husband requests.

In their reply, husband and Moffett contend that, when wife named Moffett in the notice of appeal, Moffett became a "party" entitled to attorney fees under ORS 107.105(5).

■ We begin with Moffett's request for attorney fees and the question whether a person who was not a party to the dissolution proceeding is entitled to an award of attorney fees on appeal of the dissolution judgment. ORS 107.105 provides, in part:

"(1) Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"(a) For the future care and custody, by one party or jointly, of all minor children of the parties born, adopted or conceived during the marriage * * *.

"* * * * *

"(d) For spousal support, an amount of money for a period of time as may be just and equitable for one party to contribute to the other * * *.

"* * * * *

"(e) For the delivery to one party of such party's personal property in the possession or control of the other at the time of the giving of judgment.

"* * * * *

---

[2] ORAP 13.10(7) provides, in part, that "[a] party to a proceeding under this rule may request findings regarding the facts and legal criteria that relate to any claim or objection concerning attorney fees."

"(5)   If an appeal is taken from the judgment or other appealable order in a suit for annulment or dissolution of a marriage or for separation and the appellate court awards costs and disbursements to a party, the court may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

That statute authorizes an appellate court to award costs to a "party" in a dissolution of marriage. It also gives the court discretion to include, as part of those costs, a reasonable attorney fee award. The question is whether the term "party" includes the recipient of a subpoena.

The wording of the statute itself strongly suggests that such an individual is not a "party" within the meaning of the statute, which in context appears to refer to the actual parties to the dissolution proceeding, *i.e.*, the husband and the wife. ORS 107.105(1)(d), for example, refers to an award of spousal support "for one party to contribute to the other," clearly referring to the husband and the wife to the dissolution proceeding. *See also* ORS 107.105(1)(a) (referring to "children of the parties") and ORS 107.105(1)(e) (providing for delivery of personal property of "one party" that is in the hands of "the other").

Other provisions of ORS chapter 107 employ the term "party" in a similar fashion. ORS 107.095(1)(a), for example, authorizes the court to order that "a party" pay the clerk of the court sufficient money to enable "the other party" to prosecute or defend the suit. ORS 107.095(1)(e) authorizes the court to enter an order restraining "either party or both" from encumbering or disposing of their property. ORS 107.095(1)(f) similarly authorizes the court to enter an order for the temporary use of real or personal property "of the parties or either of them."

In *Holm and Holm*, 323 Or 581, 587, 919 P2d 1164 (1996), the Oregon Supreme Court held that the term "party," as used in ORS 107.105(5), may be understood to include—in addition to the husband and the wife—a grandparent who has been granted a petition to intervene in the dissolution proceeding. The basis for the court's decision, however, was that, under ORCP 33 A, the effect of granting a

petition to intervene is to permit the moving party " *'to become a party* to an action between other persons.' " *Holm*, 323 Or at 586-87 (quoting ORCP 33 A) (emphasis in original). The court adhered to the requirement of the statute that only a "party" to the dissolution proceeding may be awarded attorney fees under ORS 107.105(5). *Id.* at 587; *accord Shofner and Shofner*, 147 Or App 1, 3, 934 P2d 641 (1997) (applying the reasoning in *Holm* and concluding that a stepfather who intervened to modify a dissolution judgment to allow him visitation with his stepchild was a "party" for purposes of ORS 107.105(5), entitling him to his attorney fees on appeal).

■ Individuals who are the subjects of subpoenas are not "parties" to the proceeding in which the subpoenas have been issued. The discovery provisions of the Oregon Rules of Civil Procedure draw a distinction between "a party" and the nonparty "person from whom discovery is sought," ORCP 36 C, or "a deponent who is not a party," ORCP 46 A(1)(b). ORCP 43 D, regarding subpoenas *duces tecum*, provides that "[a] person *not a party* to the action may be compelled to produce books, papers, documents, or tangible things and to submit to an inspection thereof as provided in Rule 55." (Emphasis added.) ORCP 55, in turn, similarly draws a distinction between "the *party* serving the subpoena" and "the person" or "the witness" to whom the subpoena is directed. (Emphasis added.)

That is not to say that the recipient of a subpoena could not become a "party" to a dissolution proceeding. Depending on the circumstances, the recipient could move to intervene at trial under ORCP 33, or on appeal, *see Nakashima v. Board of Education*, 204 Or App 535, 543-45, 131 P3d 749 (2006), *aff'd*, 344 Or 497, 185 P3d 429 (2008) (appellate courts have inherent authority to allow motions to intervene on appeal). If the petition were granted, as the Supreme Court made clear in *Holm*, the person would become a "party" for the purposes of ORS 107.105(5).

In this case, Moffett was served with a subpoena. As we have noted, simply receiving a subpoena does not automatically make the recipient a "party" to the underlying action. She did not elect to move to intervene, either at trial or on appeal. She is simply not a "party" within the meaning

of ORS 107.105(5). Accordingly, we lack authority to award her costs of any kind, including her requested attorney fees.

■    We turn then to husband's request for attorney fees. ORS 20.310 provides generally for an award of costs and disbursements to a prevailing party on appeal. As we have noted, ORS 107.105(5) provides that we "may" award, as part of the costs, a reasonable attorney fee. ORS 20.075(1) guides our exercise of discretion and provides, in part:

> "A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
>
> "(a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> "(b)    The objective reasonableness of the claims and defenses asserted by the parties.
>
> "(c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> "(d)    The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> "(e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> "(f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> "* * * * *
>
> "(h)    Such other factors as the court may consider appropriate under the circumstances of the case."

We must exercise our statutory authority to award attorney fees in a dissolution of marriage case in an equitable manner. *Haguewood and Haguewood*, 292 Or 197, 212-14, 638 P2d 1135 (1981).

■     With those principles in mind, in this case, we decline to exercise our discretion to award husband the nearly $30,000 he requests in attorney fees. We do so because both parties seem equally unable to bear substantial litigation costs. *See id.* at 213 (financial resources of the parties on dissolution is a consideration for the court in deciding whether to award attorney fees). Husband's requested amount of attorney fees is not insubstantial; in fact, it approximates the equalizing judgment that wife received on dissolution. Given that the purpose of a property distribution in a dissolution proceeding is to attempt to put the parties on a relatively equal footing and that both husband and wife have incurred substantial litigation costs, that purpose would not be served by requiring wife to pay both parties' attorney fees on appeal. Even though wife is receiving spousal support from husband, *see id.* (support orders are relevant in considering the parties' financial resources for purposes of deciding whether to award attorney fees), the amount is modest and does not justify requiring her to pay both parties' attorney fees on appeal. Furthermore, wife's position on appeal was not objectively unreasonable: The issue was one of first impression in this state, and it was resolved by a divided panel over a lengthy dissenting opinion. For those reasons, we agree with wife that this is not an appropriate case in which to exercise our discretion to require either party to bear the other's attorney fees.

     Given our holding in this case, it is necessary for us to change our prevailing party designation. Because Moffett was not a "party" for purposes of ORS 107.105(5), she was not a "prevailing party" on appeal; husband is the only prevailing party in this appeal. Accordingly, we deny Moffett her petition for costs, including her attorney fees. We allow husband's costs and disbursements, but we deny his petition for attorney fees.

     Husband's statement of costs and disbursements in the amount of $405 allowed; husband and Moffett's petition for attorney fees denied.