Argued and submitted November 14, 1988, reversed January 11, 1989

In the Matter of the Establishment of
Grandparents' Rights of Visitation Between

MACHADO et al,
*Grandparents,*
*and*

ANTHONY JOSEPH MACHADO,
aka Joshua Michael Uri,
DANIEL LUCAS MACHADO,
aka John Matthew Uri, and
CHRISTANE URI,
*Grandchildren.*

MACHADO et al,
*Respondents,*

*v.*

URI,
*Appellant.*

(87-2934-NJ-1; CA A46798)

767 P2d 106

Patricia Crain, Medford, argued the cause for appellant. With her on the brief was Hanson, Crain & Austin, Medford.

Allen G. Drescher, Ashland, argued the cause for respondents. With him on the brief was Drescher & Arnold, Ashland.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

The mother of three children appeals from an order granting visitation rights to her parents, the children's grandparents. We review *de novo* and remand for rehearing.

■ Mother, a single parent, lives with her three children in southern Oregon. Her parents, Los Angeles residents, petitioned the court for visitation rights with their grandchildren pursuant to ORS 109.121. The petition alleges:

> "Petitioners have attempted to establish ongoing personal contact with said minor grandchildren.
>
> "The custodian of said minor grandchildren has denied petitioners reasonable opportunity to visit said grandchildren."

The petition contained no other factual allegations. The court scheduled a show cause hearing on the petition.

ORS 109.121(1)(a) provides:

> "A child's grandparent may, upon petition to the circuit court, be granted an order establishing reasonable rights of visitation between the grandparent and the child if:
>
> "(A)   The grandparent has established or has attempted to establish ongoing personal contact with the child; and
>
> "(B)   The custodian of the child has denied the grandparent reasonable opportunity to visit the child."

Grandparents' petition alleges the requisite factors allowing them to seek visitation rights. However, ORS 109.121(4) provides, in part:

> "When a petition is filed under this section, if it appears from the petition that the petitioners may seek visitation rights under this section, the court shall conduct a hearing to determine whether an order creating visitation rights will be issued."

ORS 109.123(1) provides:

> "The power of a court under ORS 109.121 and this section to grant visitation rights to grandparents is discretionary and shall be exercised only when the court determines that it would be in the best interests and welfare of the minor children involved."

ORS 109.121(4) and ORS 109.123 together make clear that the purpose of the required hearing is to determine if granting

visitation is in the best interests of the children. That determination can be made only through a factfinding process, for which the statute contemplates an evidentiary hearing.

■      Mother, grandparents and grandparents' counsel were present at the hearing. Mother represented herself. Neither mother nor grandparents gave testimony or presented any evidence. There were no witnesses. No direct or cross-examination was allowed. The court asked a number of questions of grandparents' counsel and then asked mother only:

> "Would you really have any legitimate complaint to their spending several days with your parents twice a year in this area?"

Mother's response was cut short. The court then ordered two one-week visits per year.

The hearing did not comply with the implicit requirements of ORS 109.121(4) and ORS 109.123. Grandparents, as the moving parties, had the burden of proving the allegations in their petition and of persuading the court that establishing their visitation rights would be in the best interests of the grandchildren.[1] They submitted no evidence either before or during the hearing. The only evidence before the court appears to have been the affidavit and documents that mother submitted with her pleadings and mother's affidavit specifically controverted some of the allegations in the petition. Under the circumstances the court could not determine the best interests of the children.

Reversed.

---

[1] Although a court sitting in equity in a domestic relations case has considerable flexibility in how it conducts an evidentiary hearing, the Oregon Evidence Code is applicable to civil proceedings. OEC 101(2). OEC 305 provides:

> "A party has the burden of persuasion as to each fact the existence or nonexistence of which the law declares essential to the claim for relief or defense the party is asserting."