Argued and submitted November 1, 1993, peremptory writ to issue
February 10, 1994

# STATE ex rel Donald Owen COSTELLO,
*Plaintiff-Relator,*

*v.*

The Honorable
F. Gordon COTTRELL,
Judge of the Circuit Court of the
State of Oregon sitting for Deschutes County,
*Defendant.*

(CC 93-CV-0029-MS; SC S40217)

867 P2d 498

Gordon J. Evans, of Holmes, Hurley, Bryant, Lovlien & Lynch, Bend, argued the cause for plaintiff-relator. With him on the briefs was Duane J. McCabe, of Smith & McCabe, Bend.

Philip G. Henderson, Bend, argued the cause and filed the brief for defendant.

Before Carson, Chief Justice, and Peterson,* Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

UNIS, J.

---

* Peterson, J., retired December 31, 1993.

## UNIS, J.

The issue in this mandamus proceeding is whether defendant judge, a circuit court judge presiding over a grandparent visitation proceeding in Deschutes County, erred in ordering discovery of a sealed Grant County adoption file. We hold that defendant judge erred. We therefore direct that a peremptory writ of mandamus shall issue requiring defendant judge to vacate the discovery order.

Child[1] was born on May 19, 1989. At the time of child's birth, plaintiff-relator was married to birth mother; they were not married at the time child was conceived. Birth mother committed suicide in January 1992. For several months before the death of birth mother, plaintiff-relator had legal and physical custody of child.

On October 25, 1992, plaintiff-relator voluntarily placed child in a home with a married couple (adoptive parents) for the purpose of eventual adoption. On December 9, 1992, letters of guardianship, appointing adoptive parents as legal guardians of child, were issued by the Grant County Court.

In January 1993, grandmother filed a petition in Deschutes County Circuit Court, seeking grandparent visitation with child. *See* ORS 109.121 (governing grandparent visitation proceedings). Plaintiff-relator was named as respondent.

On April 15, 1993, a decree[2] of adoption of child by adoptive parents was issued by the Grant County Court. The decree provided that the adoption file was to be sealed and

---

[1] Throughout this opinion, "child" refers to the child who is the subject of the underlying grandparent visitation proceeding. "Birth mother" refers to child's biological mother. "Adoptive parents" are the persons who adopted child in the Grant County adoption proceeding. "Grandmother" refers to child's maternal biological grandmother, who is the petitioner in the underlying grandparent visitation proceeding. "Plaintiff-relator" refers to the respondent in the underlying visitation proceeding, who was birth mother's husband at the time child was born.

[2] We note that under the Oregon Rules of Civil Procedure (ORCP), "judgment" is the proper term for "the final determination of the rights of the parties in an action" and that "judgment includes a decree." ORCP 67 A. We use the term "decree" in this opinion, however, because that is the term used throughout ORS chapter 109, and "decree" is the title of the final document entered by the Grant County Court in the adoption proceeding.

that the decree was "to be unsealed only on judicial order of this Court as provided by law." Plaintiff-relator filed a motion for summary judgment in the Deschutes County visitation proceeding, alleging that grandmother had no basis for asserting visitation rights because the adoption had terminated her legal status as child's grandmother. Grandmother alleged that the adoption was invalid for lack of sufficient consent, and she sought discovery of the Grant County adoption file. Plaintiff-relator moved to prevent discovery of the adoption file. Defendant judge did not rule on plaintiff-relator's motion for summary judgment, and he ordered the Grant County clerk to disclose the adoption file, with certain restrictions, to grandmother's attorney.

Plaintiff-relator filed this petition, seeking a writ of mandamus to (1) require defendant judge to vacate his discovery order and (2) require defendant judge to sign an order granting plaintiff-relator's motion for summary judgment. On June 29, 1993, this court ordered that an alternative writ of mandamus issue, requiring defendant judge to vacate his discovery order or to show cause why he had not done so.[3] Defendant judge filed an answer rather than vacating the order.

ORS 34.110 provides that a writ of mandamus may be issued "to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust or station." There is no dispute that as a general matter a trial judge may issue an order requiring a third party to disclose documents as part of the discovery process. ORCP 55. Any such order must be within the proper scope of discovery. A party may seek discovery of documents relating to "any matter, not privileged, which is relevant to the [proceeding]." ORCP 36 B(1). We therefore examine whether grandmother is a proper party who has a right to seek discovery in the underlying case. If she is not a proper party, mandamus is a permissible remedy.

---

[3] Plaintiff-relator's petition for an alternative writ of mandamus was allowed in part. The alternative writ of mandamus commanded defendant judge to vacate the discovery order or to show cause why he had not. Plaintiff-relator's petition for a writ of mandamus requiring the granting of plaintiff-relator's motion for summary judgment was denied because that motion had not yet been decided in the trial court. This opinion addresses only defendant judge's order requiring discovery of the Grant County adoption file.

Plaintiff-relator argues that a writ should issue because defendant judge erred in ordering discovery of the Grant County adoption file. Plaintiff-relator asserts that the Grant County adoption terminated grandmother's legal relationship with child and that, as a consequence, she has no standing to seek grandparent visitation or discovery of any documents related to the visitation proceeding.

Grandmother asserts that the Grant County adoption is invalid and that she therefore has a legal grandparent-grandchild relationship with child. Because the validity of the Grant County adoption decree is material to the issue whether grandmother can obtain visitation rights under ORS 109.121, she contends that discovery of the Grant County adoption file is necessary to assist her challenge to the validity of the adoption.

■     We agree with plaintiff-relator that the entry of a valid adoption decree removes a grandparent's standing to seek visitation of a child and to obtain discovery of documents related to such a visitation proceeding. An adoption decree terminates the relationships, rights, and obligations between the adopted child and the birth family and establishes new rights and obligations with the adoptive family. ORS 109.041(1).[4] Therefore, after a valid adoption decree is entered, only the adoptive grandparents, and not the birth grandparents, may obtain visitation rights under ORS 109.121.

■     In the underlying case, however, grandmother challenges the validity of the Grant County adoption decree. She asserts that such a contention entitles her to seek discovery. For the reasons that follow, we conclude that grandmother

---

[4] ORS 109.041(1) provides:

"The effect of a decree of adoption heretofore or hereafter granted by a court of this state shall be that the relationship, rights and obligations between an adopted person and the descendants of the adopted person and

"(a)  The adoptive parents of the adopted person, their descendants and kindred, and

"(b)  The natural parents of the adopted person, their descendants and kindred

"shall be the same to all legal intents and purposes after the entry of such decree as if the adopted person had been born in lawful wedlock to the adoptive parents and had not been born to the natural parents."

cannot challenge the validity of that decree. Therefore, the Deschutes County Circuit Court is bound by that decree, *see* ORS 109.381(1) (governing effect of adoption decree), and defendant judge improperly ordered discovery of the adoption file.

■   The Deschutes County grandparent visitation proceeding is a collateral attack on the Grant County adoption decree. That is, it is "an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling, correcting or modifying the decree." *Morrill v. Morrill and Killen*, 20 Or 96, 101, 25 P 362 (1890). The discovery of the Grant County adoption file ordered by defendant judge is lawful only to the extent that a collateral attack on the Grant County adoption decree is proper in the underlying grandparent visitation proceeding.

Plaintiff-relator contends that ORS 109.381 precludes grandmother's collateral attack against the Grant County adoption decree. Under ORS 109.381(2),[5] adoption decrees are binding and conclusive against parties to the adoption and persons claiming through such parties, and such persons can challenge an adoption decree only through the appeal process, not by direct or collateral attack. That provision is inapplicable to the present case because grandmother was neither a party to the Grant County adoption nor is claiming visitation by or through a party to the adoption. Rather, she is attempting to obtain independent statutory rights that flow from her status as a grandparent. ORS 109.121. Grandmother is not asserting any of child's rights or bringing the grandparent visitation proceeding on behalf of child. Under ORS 109.381(3),[6] adoption decrees are binding

---

[5] ORS 109.381(2) provides:

"Except for such right of appeal as may be provided by law, decrees of adoption shall be binding and conclusive upon all parties to the proceeding. No party nor anyone claiming by, through or under a party to an adoption proceeding, may for any reason, either by collateral or direct proceedings, question the validity of a decree of adoption entered by a court of competent jurisdiction of this or any other state."

[6] ORS 109.381(3) provides:

"After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned the child

on all persons and are not subject to any direct or collateral attack after the expiration of one year. ORS 109.381(3) does not apply to foreclose the present case because the underlying action was filed before the expiration of one year from the entry of the Grant County adoption decree. Thus, ORS 109.381 does not operate to prevent grandmother's collateral attack against the Grant County adoption in the underlying visitation proceeding.

■       That does not end our inquiry, however, because any third party seeking to attack an adoption decree collaterally must have standing to do so. In *Hughes v. Aetna Casualty Co.*, 234 Or 426, 383 P2d 55 (1963), in allowing an adoptee to attack an adoption decree collaterally, this court stated the general rule that "strangers to the record may attack a void judgment when, if the judgment were given full effect, some right in them would be affected by its enforcement." *Id.* at 444. This court elaborated:

> " 'Being neither parties to the action, nor entitled to manage the cause nor appeal from the judgment, [strangers to the decree] are by law allowed to impeach it whenever it is attempted to be enforced against them so as to affect *rights or interests acquired prior to its rendition.*' " *Id.* at 447 (quoting 1 Freeman on Judgments 636, § 319 (5th ed)) (emphasis added).

■       In the present case, plaintiff-relator is attempting to enforce the Grant County adoption decree to prevent grandmother from establishing rights, not to defeat any rights or interests acquired before the decree was entered. Although grandmother had initiated the Deschutes County visitation proceeding before the entry of the Grant County adoption decree, she had not obtained any enforceable visitation rights before the adoption decree was entered. Before visitation rights are granted pursuant to ORS 109.121, all that a

and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the adoption decree was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, that this subsection shall not affect such right of appeal as may be provided by law."

grandparent has is a legal grandparent-grandchild relationship. A grandparent may have an expectation that he or she will be able to visit a grandchild, but a grandparent has no enforceable legal *right* to do so until a visitation order is entered. The entry of such an order is discretionary, and a grandparent must meet certain criteria before he or she is entitled to enforceable visitation rights. ORS 109.123(1), 109.121(1)(a). Grandmother's expectation of visitation is not a sufficient "right[] or interest[] acquired" before the entry of the adoption decree, *Hughes v. Aetna Casualty Co., supra,* 234 Or at 447, to give her standing to attack the Grant County adoption decree collaterally.[7]

ORS 109.121 does not confer on grandparents the right to attack collaterally or to otherwise contest an adoption decree. Indeed, the context of ORS 109.121 indicates a legislative intent to confer limited rights to grandparents. ORS 109.123(2) provides:

> "Nothing in ORS 109.121 * * * shall be construed to affect the power of a court under ORS chapter 107 [concerning dissolution and separation of marriages] to provide for the future care and custody of the minor children of a marriage, *or to allow grandparents of minor children to contest such custody decisions of the court.*" (Emphasis added.)

That provision evidences a legislative intent that the right of grandparent visitation is limited and should not be read to create expansive rights in grandparents beyond those specified in ORS 109.121. There is no other basis for grandmother to assert that she has standing to attack the Grant County adoption decree collaterally.[8]

---

[7] We do not suggest that had grandmother been awarded enforceable visitation rights before the child's adoption she necessarily would have had standing. We simply note that whatever benefit might flow from such an order granting visitation, that benefit was not available to grandmother in this case.

[8] The 1993 legislature enacted amendments to ORS chapter 109 that provide that grandparents shall be served with notice of an adoption of their grandchild by a stepparent. Or Laws 1993, ch 689, § 1. The amendments contain a provision through which a grandparent may seek visitation rights when a stepparent adopts a grandchild. Or Laws 1993, ch 689, § 1. Those amendments have no effect on the present case, however, because the Grant County adoption was not an adoption by child's stepparent. Furthermore, those amendments did not become effective until August 23, 1993, after the final adoption decree was issued by the Grant County Court.

■ Because grandmother lacks standing to challenge the Grant County adoption decree, that decree is conclusively binding in the Deschutes County visitation proceeding. As a consequence of the Grant County adoption decree, grandmother no longer has a legal grandparent-grandchild relationship with child and therefore lacks standing to pursue a visitation proceeding under ORS 109.121 or to obtain discovery of documents related to such a proceeding. Defendant judge erred in ordering discovery of the Grant County adoption file.

Peremptory writ to issue.