Argued and submitted December 12, 1996, reversed and remanded with instructions February 19, 1997

In the Matter of the Minor Child,
Michael Phillepe Jonte, Child.

Lillian JONTE,
*Respondent,*

*v.*

Cindy ADAMS,
*Appellant.*

(95DO 09490T; CA A91196)

933 P2d 970

Keith T. Kramer argued the cause for appellant. With him on the brief was Walton, Nilsen, Johnson & Guerra, P.C.

Daniel Q. Gallagher argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Landau and Armstrong, Judges.

ARMSTRONG, J.

Warren, P. J., concurring.

## ARMSTRONG, J.

Mother appeals the denial of her motion to set aside a judgment by default granting visitation rights to the paternal grandmother of mother's child. We reverse.

The child was born in August 1992.[1] In 1994, mother allowed the child to stay in California for an extended period with the child's paternal grandparents. A dispute ensued between the grandparents and mother, and grandmother sought guardianship of the child in California. In April 1995, a California court denied grandmother's petition for guardianship, and mother and the child returned to Oregon. In June, grandmother filed a petition pursuant to ORS 109.121 to establish "reasonable visitation" with child. Grandmother alleged that she had established emotional ties with the child when the child resided with her, that mother had denied her a reasonable opportunity to visit child, and that visitation is in the best interests of child. She filed a supporting affidavit, stating, *inter alia*:

> "The minor child lived with me between May 14, 1994 and April 28, 1995. I have requested to visit the child but in the recent past have been allowed very little contact with the minor child by [mother].
>
> "* * * * *
>
> "I wish to continue the relationship with my grandson through visitation and believe that visitation with my grandson would be in his best interest."

Mother was served with the petition and an order of the court requiring her to file a written appearance within 30 days or the petition would be granted. Mother did not file a written appearance. On August 10, the court entered both an order of default and a judgment ordering visitation to grandmother of 131 days a year. On September 11, mother filed a motion to set aside the judgment. After a hearing, the court denied the motion. Mother assigns error to that denial. We review a trial court's determination of whether to set aside a

---

[1] Mother and father have never been married.

judgment by default for abuse of discretion, which "is controlled by fixed legal principles." *Coleman v. Meyer*, 261 Or 129, 134, 493 P2d 48 (1972).[2]

■      Mother argues that the court erred in not setting aside the judgment because, before ordering grandparent visitation, the court did not provide notice of a hearing or conduct a hearing as required by ORS 109.121(4):

> "When a petition is filed under this section, if it appears from the petition that the petitioners may seek visitation rights under this section, *the court shall conduct a hearing to determine whether an order creating visitation rights will be issued. The court shall cause notice of the time and place of the hearing to be given to the parents* or other custodians of the minor children named in the petition. The court may require the attendance of the parents or other custodians and of witnesses as in other civil cases. * * * The court * * * may take testimony from or confer with the child or children of the marriage and may exclude from the conference the parents, grandparents and other persons if the court finds that such action would be likely to be in the best interests of the child or children. However, the court shall permit an attorney for each party to attend the conference, and the conference shall be reported."

(Emphasis supplied.) Relying on *Machado v. Uri*, 94 Or App 731, 767 P2d 106 (1989), mother argues that the requirements of ORS 109.121(4) are mandatory. In that case, we reversed an order granting visitation to grandparents when the only evidence before the court at the hearing was the mother's affidavit that controverted some of the allegations of the grandparents' petition. Grandmother argues that *Machado* is distinguishable because here there was no factual controversy before the court because there was only one statement of facts. Grandmother argues, therefore, that under ORCP 69 B(2) the court had the discretion to conduct a hearing to establish the truth of the matters or to rely on affidavits. She contends that "the facts as stated in the petition

---

[2] We have noted that the standard of review has been "murkily defined." *See Hackett v. Alco Standard Corp.*, 71 Or App 24, 33 n 7, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985) (case law exists that may require, under certain circumstances, that judgment by default be set aside as a matter of law rather than of discretion).

here support a finding that visitation is in the child's best interests."

Mother counters that the only evidence before the court in ordering visitation appears to have been grandmother's petition seeking visitation, and that document merely alleged the minimum requisite factors for grandmother to seek visitation. Mother argues that grandmother's statement that mother had denied visitation, by itself, is not sufficient evidence to establish visitation rights; rather, grandmother must show that there was a denial of a reasonable opportunity to visit. *Holm and Holm*, 132 Or App 440, 442, 888 P2d 1077 (1995). Mother argues that before the court could order visitation, there must be evidence—and there was none—that mother ever unreasonably refused to let grandmother visit the child, as well as evidence to support grandmother's claim that granting visitation would be in the best interests of the child. *See* ORS 109.121(5) (order creating visitation rights "shall be guided by the best interests and welfare of the child").

We conclude that the court abused its discretion in refusing to set aside the judgment when the requirements of ORS 109.121(4) were not met. In *Machado*, we noted that ORS 109.123(1) provides that the power of a court to grant visitation rights to grandparents shall be exercised only when the court determines that visitation would be in the best interests of the child. 94 Or App at 733-34. We held that, when ORS 109.123(1) is considered with ORS 109.121(4), it is

"clear that the purpose of the required hearing is to determine if granting visitation is in the best interests of the children. That determination can be made only through a factfinding process, for which the statute contemplates an evidentiary hearing." *Id.*

Grandmother had the burden to persuade the court that visitation—and to what extent[3]—would be in the best

---

[3] We note that there is no allegation in the petition as to what would constitute "reasonable visitation." The award of 131 days appeared in the judgment. Grandmother argues that that award was not unreasonable because mother previously had a written agreement with grandparents to allow them 170 days' visitation a year until child enters school. The record does not show that that information was before the court when it signed the judgment on the same day that the order of default was entered. Nor does it follow that the earlier agreement establishes that it is now in the best interests of child to order visitation that is that extensive.

interests of child. *Machado*, 94 Or App at 734. The broad flexibility given to the court by ORS 109.121(4) to ensure that any needed evidence is before it in making that determination does not support grandmother's position that the determination could be made here on the allegations of her petition and the minimal supporting affidavits.[4] The court erred in denying mother's motion to set aside the judgment. Because of our determination, we do not address mother's remaining arguments.

Reversed and remanded with instructions to allow mother's motion.

**WARREN, P. J.,** concurring.

ORS 109.121(4) requires notice be given to the parents. It does not require an appearance or contemplate that a default be entered. The trial court was without statutory authority to enter the default. It follows that the judgment based on the default was without authority and it was legal error not to set it aside.

---

[4] Grandmother's counsel filed an affidavit that mother was not a minor, was not incapacitated and was not in the military. ORCP 69 B(2), (4).