Argued and submitted November 25, 1998, affirmed March 10, 1999

Ruth HAGEMAN,
*Respondent,*

*v.*

Michelle L. BROOKS,
nka Michelle Todd,
*Appellant,*

*and*

Troy G. BROOKS,
*Respondent below.*

(C930205DR; CA A99617)

976 P2d 571

George W. Kelly argued the cause and filed the brief for appellant.

Mark A. Johnson argued the cause for respondent. With him on the brief was Findling & Johnson LLP.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

KISTLER, J.

---

* Kistler, J., *vice* Warren, J., retired.

**KISTLER, J.**

The question presented is whether a circuit court has statutory authority to award attorney fees in a proceeding brought pursuant to ORS 109.121(1)(c). We hold that, in the circumstances of this case, the court lacked authority and affirm.

Grandmother filed a petition to establish visitation rights with her grandchildren pursuant to ORS 109.121-(1)(c),[1] naming the grandchildren's parents as respondents. The trial court initially awarded grandmother visitation rights. It later limited her visitation rights and finally granted mother's motion to terminate grandmother's visitation rights and dismiss her petition. Mother then asked for attorney fees, claiming that she was entitled to them under *Holm and Holm*, 323 Or 581, 919 P2d 1164 (1996). The trial court denied mother's fee request, reasoning that it lacked statutory authority to award fees.

■ On appeal, mother assigns error to the trial court's denial of her fee request. She argues that she may recover fees in a proceeding brought pursuant to ORS 109.121(1)(c) either because *Holm* is not limited to dissolution proceedings or because grandmother's petition should be treated as if it were part of the dissolution proceeding. We note initially that ORS 109.121 does not provide a basis for awarding mother fees. ORS 109.121 and ORS 109.123 provide a procedure for grandparents to establish visitation rights. *See State ex rel Costello v. Cottrell*, 318 Or 338, 344-45, 867 P2d 498 (1994). If certain criteria are met, those statutes authorize a court to grant grandparents visitation rights without regard to whether a dissolution proceeding is pending, while one is pending, and after a final order has been entered in a dissolution proceeding. ORS 109.121(1)(a), (b), and (c). Because those statutes do not specifically authorize the prevailing party to recover his or her fees, they provide no basis for mother's fee claim here. *See Mattiza v. Foster*, 311 Or 1, 4,

---

[1] ORS 109.121(1)(c) authorizes a grandparent to petition the circuit court to establish visitation rights "[a]fter a decree or final order is entered dissolving the marriage of the child's parents."

803 P2d 723 (1990) (as a general rule, each party bears its own fees unless a statute or contract provides otherwise).

■    Although mother relies on the Supreme Court's decision in *Holm* and our decision in *Shofner and Shofner*, 147 Or App 1, 934 P2d 641 (1997), neither case supports her fee claim. In *Holm*, the Supreme Court held that a grandfather who intervened in a dissolution proceeding pursuant to ORS 109.121(1)(b) became a "party" to that proceeding for the purposes of ORS 107.105(5), which authorizes a court to award attorney fees to a party in a dissolution proceeding. 323 Or at 586-87. The court's holding turned on the fact that, by becoming a party to the dissolution proceeding, the grandfather subjected himself to the benefits and burdens of that proceeding. *Id.*; *accord Shofner*, 147 Or App at 3 (applying *Holm* to a stepfather who intervened in a dissolution proceeding). Unless grandmother became a party to a dissolution proceeding, *Holm* and *Shofner* provide no support for mother's fee claim.

Mother argues, however, that when a petition for visitation rights is filed pursuant to ORS 109.121(1)(c), after a final order is entered in a dissolution proceeding, the petition should be treated as if it were part of the dissolution proceeding. Apparently, in mother's view, grandmother effectively became a party to the dissolution proceeding when she filed a petition pursuant to ORS 109.121(1)(c) and thus came within the rule in *Holm*. ORS 109.121, however, provides a procedure for establishing visitation rights that may be pursued separately from a related dissolution proceeding. *See Jonte v. Adams*, 146 Or App 497, 933 P2d 970 (1997); *Machado v. Uri*, 94 Or App 731, 767 P2d 106 (1989). ORS 109.121(1)(a), for example, authorizes a grandparent to petition for visitation rights without regard to whether there is an ongoing dissolution proceeding, *see Machado*, 94 Or App at 733-34, and ORS 109.121(1)(c) authorizes a grandparent to petition for visitation rights after a decree or final order has been entered in a dissolution proceeding. Indeed, ORS 109.121(4) provides that even when a grandparent petitions for visitation rights pursuant to ORS 109.121(1)(b), while a

dissolution proceeding is pending, the circuit "court may conduct the hearing on the petition as part of the [dissolution] proceeding or as a separate proceeding."[2]

■    The text of ORS 109.121 makes clear that a petition for visitation rights may proceed separately from a related dissolution proceeding. To be sure, a petition for visitation rights may be consolidated with a related dissolution proceeding, or a grandparent may rely on ORS 109.121(1)(b) as a basis for intervening in a pending dissolution proceeding, as the grandfather in *Holm* did. But if a grandparent proceeds separately under ORS 109.121, that statute provides no basis for awarding attorney fees to the prevailing party. In this case, grandmother sought to establish visitation rights under ORS 109.121(1)(c). She did not seek to intervene in mother's dissolution proceeding or otherwise become a party to it. The trial court correctly ruled that unless grandmother became a party to the dissolution proceeding, mother had no statutory basis for seeking fees.

Affirmed.

---

[2] Additionally, when a petition for visitation rights is filed pursuant to ORS 109.121(1)(b) the "order creating visitation rights, if one is issued, *may* be incorporated in and made part of the decree or final order" in the dissolution proceeding. (Emphasis added.)